UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KRISTEN MILLER,

    Plaintiff,

v.                                        Case No.:

FRANKLIN COUNTY, FLORIDA,

    Defendant.

_____/

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, KRISTEN MILLER, by and through her undersigned counsel, hereby sues Defendant, FRANKLIN COUNTY, FLORIDA, and alleges:

## NATURE OF THE ACTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, Ch. 760, Florida Statutes, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., and seeks back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, front pay, compensatory damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. §2201, *et seq*.

3. Venue is proper because Plaintiff was an employee of Defendant in Franklin County, Florida and the Defendant conducts substantial business in Franklin County, Florida.

## THE PARTIES

4. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Franklin County, Florida.

5. At all times relevant hereto, Defendant was an employer covered by Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, Ch. 760, Florida Statutes.

6. Plaintiff has satisfied all conditions precedent and this action is timely filed thereafter.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

8. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

9. At the time of her termination, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period.

## GENERAL ALLEGATIONS

10. Plaintiff began working for Defendant at the Franklin County Sheriff's Office as a deputy in June 2017 and she was one of the lone female deputies employed by the Sheriff's Office.

11. Throughout her employment, Plaintiff was subjected to sexually explicit comments from her peers as well as her Captain and Major. The comments directed towards Plaintiff were inappropriate and constant. They ranged from off handed comments of a sexual nature to direct questions about her romantic life that were inappropriate in a professional setting.

12. In November/December 2019 the treatment reached a breaking point and Plaintiff complained to the Sheriff concerning the sexually harassing behavior she was subjected to, as well as discussed her serious medical condition and her need for FMLA leave in the near future.

13. In response to this, Defendant moved Plaintiff from her position and placed her in a far less desirable or important of a position at the correctional facility in Franklin County. This transfer was an adverse action and substantially impacted the terms and conditions of her employment.

14. As Plaintiff was also required to undergo surgery in connection with a medical condition she was suffering from, she formally requested leave under the FMLA from Defendant.

15. Defendant attempted to prolong the process of seeking certification under the FMLA before Plaintiff eventually took all of the necessary steps on her own initiative to get certification for her serious medical condition.

16. While on FMLA leave, Defendant nonetheless contacted Plaintiff numerous times concerning work related matters and required her to come into the office for work related matters despite recovering from her recent surgery.

17. Additionally, while out on FMLA leave, Defendant transferred Plaintiff again to another far less desirable or important of a position with Franklin County Schools.

18. Upon returning from FMLA leave, Plaintiff discovered that Defendant placed unfavorable disciplinary documents in her file that were not there prior to her complaining of the sexually harassing behavior she was subjected to or her taking leave under the FMLA.

19. Plaintiff's major and captain spoke with her upon her return and insinuated to her that she was likely to be terminated soon. As such, Plaintiff put in her two weeks in early 2020 and left employment with Defendant given the negative effects a termination would have on her career.

## Count I – FMLA Interference

20. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-19 above, as if fully set forth in this Count.

21. At all times relevant hereto, Defendant interfered with Plaintiff's rights under the FMLA, in violation of the FMLA.

22. Plaintiff was entitled to FMLA leave based on her "serious medical condition," as defined under the FMLA. At all relevant times, Defendant had knowledge of Plaintiff's intent to seek FMLA certification.

23. Defendant interfered with, restrained, and denied Plaintiff's exercise and/or attempted exercise to her rights, for which she was entitled to, contained under the FMLA as more fully set forth above.

24. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered lost benefits, lost wages, and other tangible and intangible damages. The damages are continuing and permanent. Plaintiff is entitled to equitable relief.

## Count II – FMLA Retaliation

25. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-19 above, as if fully set forth in this Count.

26. Plaintiff engaged in a protected activity when she notified her employer of her intent to exercise her rights under the FMLA and when she exercised her rights under the FMLA.

27. Defendant transferred Plaintiff shortly after notifying Defendant of her intent to exercise her rights under the FMLA and after exercising her rights under the FMLA.

28. Defendant intentionally discriminated and retaliated against Plaintiff for exercising her rights under the FMLA.

29. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages.

30. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered lost benefits, lost wages, and other tangible and intangible damages. The damages are continuing and permanent. Plaintiff is entitled to equitable relief.

## Count III – Retaliation (Federal Civil Rights Act)

31. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-19 above, as if fully set forth in this Count.

32. This is an action against Defendant for retaliation brought under Title VII of the Civil Rights Act of 1964.

33. Plaintiff engaged in protected activity when she made complaints of gender discrimination to her supervisor.

34. Plaintiff was denied other benefits enjoyed by other employees and subjected to adverse actions in the terms and conditions of her employment by Defendant shortly after complaining of gender discrimination to her supervisor as more fully set forth above.

35. The decision to deny Plaintiff the same benefits enjoyed by other employees of Defendant and subject her to adverse action in the terms and conditions of her employment was based on, in whole or in part, her engaging in protected activity.

36. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost benefits, illness, lost wages, and other tangible and intangible damages. The damages are continuing and permanent.

## Count IV – Retaliation (Florida Civil Rights Act)

37. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-19 above, as if fully set forth in this Count.

38. This is an action against Defendant for retaliation brought under The Florida Civil Rights Act, Chapter 760, Florida Statutes.

39. Plaintiff engaged in protected activity when she made complaints of gender discrimination to her supervisor.

40. Plaintiff was denied other benefits enjoyed by other employees and subjected to adverse actions in the terms and conditions of her employment by Defendant shortly after complaining of gender discrimination to her supervisor as more fully set forth above.

41. The decision to deny Plaintiff the same benefits enjoyed by other employees of Defendant and subject her to adverse action in the terms and conditions of her employment was based on, in whole or in part, her engaging in protected activity.

42. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost benefits, illness, lost wages, and other tangible and intangible damages. The damages are continuing and permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)  that process be issued, and this Court take jurisdiction over this case;

(b)  that this Court grant equitable relief, including back pay, liquidated damages, and other monetary damages against Defendant under the applicable counts set forth above, and any other equitable relief available to Plaintiff;

(c)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(d)  award Plaintiff interest where appropriate; and

(e)  grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 3rd day of November 2021.

                                          Respectfully submitted,

                                          /s/ *Matthew D. MacNamara*
                                          Matthew MacNamara (#113002)
                                          SCOTT & WALLACE, LLP
                                          209 E. Brevard Street
                                          Tallahassee, Florida 32301
                                          Telephone: (850) 222-7777
                                          Facsimile: (850) 222-7778
                                          matt@scottandwallacelaw.com
                                          Attorney for Plaintiff